Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
Tel: (949) 877-7177
Fax: (949) 877-8757
YMA@LawAlm.com

*Attorneys for Plaintiff*

ROB BONTA, SBN 202668
Attorney General of California
CATHERINE WOODBRIDGE, SBN 186186
Supervising Deputy Attorney General
AMIE BEARS, State Bar No. 242372
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7663 Fax: (916) 322-8288
E-mail: Amie.Bears@doj.ca.gov

*Attorneys for Defendant Agent Katie Phelan*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| FIRDOS S. SHEIKH, M.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>KATIE PHELAN, Special Agent for the California Department of Justice Bureau of Medi-Cal Fraud and Elder Abuse, in her individual capacity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-0573-DJC-JDP<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Daniel J. Calabretta<br>United States District Judge<br><br>Hon. Jeremy D. Peterson<br>United States Magistrate Judge |

The Parties, by and through their respective counsel of record, hereby stipulate and agree to the Court's entry of the protective order set for below.

## 1. INTRODUCTION

### A. Purposes and Limitations

The Parties believe that a subset of discovery in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. While none of the Parties believe that blanket confidentiality designations are necessary or appropriate in this case and none concede that any designation of materials as confidential by a disclosing party in this litigation is, in fact, deserving of confidentiality treatment, the Parties do not oppose the entry of the following Protective Order in the interests of convenience, judicial economy, preservation of party resources, and to avoid delays in the production of discovery in this case. In recognition of the foregoing, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

### B. Good Cause Statement

In light of the nature of the claims and allegations in this case and the Parties' representations that discovery in this case may involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. There is good cause for entry of a protective order. For example, discovery in this matter may involve the disclosure and production of

private medical or mental health information or personally identifiable information (e.g., social security numbers, dates of birth, etc.), private personnel/employment records, performance evaluations, disciplinary actions, citizen complaints, internal affairs investigations, and other employment-related writings regarding employees of Defendants. The Parties maintain that special protection from public disclosure and from use for any purpose other than prosecuting this litigation of said information may be warranted. Although the Parties do not concede that the Producing Party's mere designation of information as confidential under this Protective Order justifies treatment of the information as confidential and they also do not concede that the categories of materials identified above are, in fact, deserving of being treated as confidential and shielded from public disclosure, they do not oppose the entry of this Protective Order in the interests of convenience, judicial economy, preservation of party resources, and to avoid delays in the production of discovery in this case. The Parties shall not designate any documents, electronically stored information, or other information as confidential without a good faith belief that such information has been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

**2.    DEFINITIONS**

    2.1    Action:  The instant action: *Firdos S. Sheikh v. Katie Phelan, et al.*, No. 2:24-CV-00573-DJC-JDP (E.D. Cal.).

    2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2.5    Counsel:  Outside Counsel and House Counsel (as well as their support staff).

    2.6    Designating Party:  a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel (or who the Party is considering retaining) to serve as an expert witness or as a consultant in this Action.

2.9   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.10  <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  <u>Outside Counsel</u>:  attorneys who are not employees of a Party to this Action but represent, advise, or support a Party to this Action and have appeared in this Action on behalf of that Party, are affiliated with a law firm which has appeared on behalf of that Party, or are working under the supervision of an attorney who has appeared in this Action on behalf of that Party, and includes support staff.

2.12  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, transcribing, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

1 protection do not qualify for protection, that Designating Party must promptly notify all other Parties that
2 it is withdrawing the inapplicable designation.

3     5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see*, *e.g.*,
4 second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery
5 Material that qualifies for protection under this Order must be clearly so designated before the material
6 is disclosed or produced.

7     Designation in conformity with this Order requires:

8     (a)    for information in documentary form (e.g., paper or electronic documents, but
9 excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the
10 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," to each
11 page that contains protected material. If only a portion or portions of the material on a page qualifies for
12 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
13 appropriate markings in the margins).

14     The Parties agree that the "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES
15 ONLY" shall be applied only to documents meriting such a legend produced in response to Plaintiff's
16 Request for Production No. 27.

17     A Party or Non-Party that makes original documents available for inspection need
18 not designate them for protection until after the inspecting Party has indicated which documents it would
19 like copied and produced. During the inspection and before the designation, all of the material made
20 available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified
21 the documents it wants copied and produced, the Producing Party must determine which documents, or
22 portions thereof, qualify for protection under this Order. Then, before producing the specified documents,
23 the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
24 ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or
25 portions of the material on a page qualifies for protection, the Producing Party also must clearly identify
26 the protected portion(s) (e.g., by making appropriate markings in the margins).

27     (b)    for testimony given in depositions that the Designating Party identifies on the
28 record, before the close of the deposition as protected testimony.

    (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

  7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

  Protected Material must be stored and maintained by a Receiving Party at a location and in a

secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2     <u>Disclosure of "CONFIDENTIAL".</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," only to:

      (a)     the Receiving Party's Outside Counsel in this Action, as well as employees and contractors of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

      (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)     the court and its personnel;

      (e)     court reporters and their staff;

      (f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto and said form is signed by the witness, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

      (i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other

9

1  litigation that some or all of the material covered by the subpoena or order is subject to this Protective
2  Order. Such notification shall include a copy of this Protective Order; and

3      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the
4  Designating Party whose Protected Material may be affected.

5      If the Designating Party timely seeks a protective order, the Party served with the subpoena or
6  court order shall not produce any information designated in this action as "CONFIDENTIAL" or
7  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from
8  which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or
9  unless otherwise required by the law or court order. To the extent such information is produced as
10 required by law or court order, Designating Party will be notified immediately.  The Designating Party
11 shall bear the burden and expense of seeking protection in that court of its confidential material and
12 nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this
13 Action to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

16     (a)    The terms of this Order are applicable to information produced by a Non-Party in this
17 Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES
18 ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the
19 remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting
20 a Non-Party from seeking additional protections.

21     (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's
22 confidential information in its possession, and the Party is subject to an agreement with the Non-Party
23 not to produce the Non-Party's confidential information, then the Party shall:

24     (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all
25 of the information requested is subject to a confidentiality agreement with a Non-Party;

26     (2)    promptly provide the Non-Party with a copy of the Protective Order in this Action,
27 the relevant discovery request(s), and a reasonably specific description of the information requested; and

28     (3)    make the information requested available for inspection by the Non-Party, if

10

1  requested.

2      (c)    If a Non-Party represented by counsel fails to commence the process called for by Local Rule 251 within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client

privilege or work product protection, the Parties may incorporate their agreement into this Protective Order.

**12.  MISCELLANEOUS**

12.1  <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections.</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.  FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14.   VIOLATIONS OF ORDER**

Any violation of this Order may be punished by any and all available and appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED

Dated:                                              ALMADANI LAW

                                                    */s/ Yasin M. Almadani*
                                                    Yasin M. Almadani, Esq.

                                                    *Attorneys for Plaintiff Firdos S. Sheikh, M.D.*

Dated:                                              CALIFORNIA DEPARTMENT OF JUSTICE

                                                    */s/ Amie Bears*
                                                    Amie Bears, Esq.
                                                    Deputy Attorney General

                                                    *Attorneys for Defendant Katie Phelan*

Having considered the foregoing stipulation, and finding that good cause exists, the Parties' Stipulated Protective Order is granted.

IT IS SO ORDERED.

Dated:    April 30, 2025

/s/ Jeremy Peterson

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California in *Firdos S. Sheikh v. Katie Phelan, et al.*, No. 2:24-CV-00573-DJC-JDP (E.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____