UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRDOS S. SHEIKH,<br>Plaintiff,<br>v.<br>ROB BONTA, et al.,<br>Defendants. | No. 2:24-cv-00573-DJC-JDP<br><br><u>ORDER</u> |

Plaintiff seeks clarification or reconsideration of a portion of this Court's prior order (ECF No. 58) denying Plaintiff's Motion for Partial Summary Judgment (ECF No. 47). (ECF No. 59.) For the reasons stated below, reconsideration is appropriate. On reconsideration, the Court finds information concerning the incident-to rule relevant to the probable cause determination but leaves to the jury to assess whether Defendant Katie Phelan deliberately omitted this information and whether the revised arrest affidavit, considered as a whole, negates probable cause.

**BACKGROUND**

As the facts and procedural history are known to the parties, the Court will only recount them as necessary. Plaintiff's Motion for Reconsideration is fully briefed. (Mot. (ECF No. 59); (Opp'n (ECF No. 63); Reply (ECF No. 64).) Pursuant to Local Rule 230(g), this Motion is submitted without oral argument.

## LEGAL STANDARD

Generally, district courts have inherent power to reconsider, rescind, or modify an order for sufficient cause. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see also* Fed. R. Civ. P. 54(b) (authorizing district courts to revise interlocutory orders); E.D. Cal. L.R. 230(j) (authorizing motions for reconsideration of "any motion [that] has been granted or denied in whole or in part"). Generally, reconsideration is appropriate only when controlling law has changed, new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice. *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

Plaintiff seeks reconsideration solely of this Court's finding that "omission of the 'incident-to' rule is not material to the finding of probable cause because it is undisputed that Mona Lata, Plaintiff's employee, did not have a physical therapy license and thus the 'incident-to' rule did not apply." (ECF No. 58; *see also* Mot. at 2.) With the benefit of further briefing, the Court recognizes that it erred by assessing whether the incident-to rule applied as a matter of law. Rather, the relevant question is whether information about Plaintiff's belief that the incident-to rule applied—mistaken or not—was material to the finding of probable cause.

Upon reconsideration, the Court finds the answer to that question is for the jury to decide. To prevail on a judicial deception claim, the plaintiff must make a substantial showing (1) that the defendant made a deliberate or reckless omission that was (2) material to the finding of probable cause. *Blight v. City of Manteca*, 944 F.3d 1061, 1069 (9th Cir. 2019). Plaintiff has shown that the omission of information related to the incident-to rule was material. The arrest affidavit asserts that Plaintiff committed healthcare billing fraud (ECF No. 47-2, Ex. 251 at 11–12), which requires fraudulent intent (*see* ECF No. 48-2, Ex. A at 1111, 1116–1117). Evidence of mistake negates fraudulent intent. (*See id.* at 1116–1117.) Accordingly, evidence indicating Plaintiff

believed the incident-to rule permitted her billing practices, such as a fulsome description of that rule and Defendant's interview with Doreen Rogers, Plaintiff's biller who shared Plaintiff's understanding, is material to whether Plaintiff had the required fraudulent intent with respect to her physical therapy billing practices. *See Butler v. Elle*, 281 F.3d 1014, 1026 (9th Cir. 2002) (finding evidence that would be "quite likely to influence the decision whether there is probable cause of fraud as opposed to innocent error" material).

However, as with the Court's finding concerning the omission of the 2011 Closing Memorandum, the Court cannot conclude that the inclusion of this information would have defeated probable cause as a matter of law. The materiality element requires Plaintiff to prove that there would not have been probable cause with the false information redacted or the omitted information included. *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011). Given the additional evidence in the arrest affidavit upon which a magistrate judge could conceivably find probable cause, the Court does not find Plaintiff is entitled to judgment as a matter of law. Accordingly, the jury must still assess both whether those omissions were made deliberately, *see Butler*, 281 F.3d at 1024, and whether they were material to the ultimate determination of probable cause. *See* Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, No. 9.19 (9th Cir. 2025) (updated August 2026) (providing that jury should assess if defendant submitted a warrant affidavit that contained "omissions material to the finding of probable cause" and explaining how to assess when probable cause exists); *see also Barry v. Fowler*, 902 F.2d 770, 772–73 (9th Cir. 1990) (explaining that, in a § 1983 action, "[p]robable cause is generally a question for the jury" unless "no reasonable jury could determine that the officer did not have probable cause to arrest") (citing *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).

////

////

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Clarification or Reconsideration (ECF No. 59) is GRANTED. At trial, Plaintiff may introduce evidence concerning Dr. Sheikh's understanding of the incident to rule. The hearing on this motion, set for November 5, 2026, is VACATED.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Sheikh24cv00573.mfr